UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TODD FORSBERG,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 3:19-cv-00037-MMD-CBC

ORDER

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Nevada state prisoner Todd Forsberg. On February 27, 2019, this Court granted Petitioner's motion for counsel and appointed the Federal Public Defender to represent Petitioner in this action (ECF No. 3). On March 29, 2019, Amelia Bizarro of the Federal Public Defender's Office appeared on behalf of Petitioner (ECF No. 7). The Court now sets a schedule for further proceedings in this action.

It is therefore ordered that counsel for Petitioner meet with Petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Petitioner, as fully as possible, the potential grounds for habeas corpus relief in Petitioner's case; and (c) advise Petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

It is further ordered that Petitioner will have 90 days from the date of this order to file and serve on Respondents an amended petition for writ of habeas corpus, which must include all known grounds for relief (both exhausted and unexhausted).

It is further ordered that Respondents will have 45 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition.

If Petitioner does not file an amended petition, Respondents will have 45 days from the date on which the amended petition is due within which to answer, or otherwise respond to, Petitioner's original petition. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that, if and when Respondents file an answer or other responsive pleading, Petitioner will have 30 days after service of the answer or responsive pleading to file and serve his response.

It is further ordered that, at this time, the parties must send courtesy copies of any responsive pleading and all indices of exhibits only to the Reno Division of this Court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

DATED THIS 2nd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE