UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TODD FORSBERG, | Case No. 3:19-cv-00037-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

Petitioner Todd Forsberg filed a writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF Nos. 4, 10). Before the Court is Respondents' motion to dismiss (ECF No. 16 ("Motion")). The Motion seeks to dismiss Ground 3 as unexhausted and/or non-cognizable. (*Id.* at 6-10.) Forsberg opposes the Motion (ECF No. 26), and Respondents filed a reply (ECF No. 27). As further discussed below, Forsberg's Motion is granted in part.

**I.   BACKGROUND**

On April 23, 2009, a jury found Forsberg guilty of first-degree murder. (Ex. 39.)[1] The state district court sentenced Forsberg to two consecutive terms of life in prison without the possibility of parole. (Ex. 41.) Judgment of the conviction was entered on July 2, 2009. (Ex. 42.)

The Nevada Supreme Court affirmed Forsberg's conviction in July 2010 and affirmed the denial of Forsberg's state post-conviction *habeas corpus* petition in October 2018. (Exs. 67, 116.)

///

_____

[1]Exhibits referenced in this order are exhibits included with Respondents' Motion (ECF No. 16), and are found at ECF Nos. 17-25.

Forsberg dispatched his federal habeas petition for filing on or about January 10, 2019. (ECF No. 4.) The Court granted his motion for appointment of counsel (ECF Nos. 1-2, 5). (ECF No. 3.) Forsberg filed a counseled, amended petition (ECF No. 10 ("Amended Petition")).

## II.   DISCUSSION

Respondents have moved to dismiss Ground 3 of the Amended Petition on the basis that it is unexhausted and/or fails to state a claim for which federal habeas relief may be granted. (ECF No. 16.) In Ground 3, Forsberg asserts that insufficient evidence supported his conviction in violation of his Fifth and Fourteenth Amendment due process rights. (ECF No. 10 at 21-22.)

### a.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his or her available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his or her claims before he or she presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he [or she] urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his or her federal habeas claim is based. *See Bland v. Cal. Dep't. of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

    **b.**    **Ground 3**

In Forsberg's Amended Petition, Forsberg argues that insufficient evidence was adduced at trial to support his conviction in violation of his Fifth and Fourteenth Amendment due process rights. (ECF No. 10 at 21-22.) Forsberg contends that the only other person allegedly present at the murder, Karl Czekus, was an uncharged accomplice. (*Id.*) Thus, Forsberg asserts that Czekus's testimony needed to be corroborated. (*Id.*) Forsberg argues that Czekus's testimony was not sufficiently corroborated, and therefore, the State did not introduce sufficient evidence to convict Forsberg. (*Id.*)

///

When Forsberg appealed his conviction, he argued that insufficient evidence corroborated the testimony of the uncharged accomplice. (Ex. 62.) Forsberg relied on the relevant state statute, NRS § 175.291, and Nevada state caselaw applying that statute. The Nevada Supreme Court rejected the claim based on state caselaw applying NRS § 175.291. Forsberg did not raise any constitutional implications of the claim to the state appellate court. *Ybarra*, 678 F. Supp. at 1481. Accordingly, Ground 3 is unexhausted.

### III. PETITIONER'S OPTION

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that Ground 3 is unexhausted. Because the Court finds the petition contains an unexhausted claim, Forsberg has these options:

Option 1: Forsberg may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

Option 2: Forsberg may return to state court to exhaust his unexhausted claim in which case his federal habeas petition will be denied without prejudice; or

Option 3: Forsberg may file a motion asking the Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to Option 3, a district court has discretion to stay a petition that it may validly consider on the merits. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly

4

> meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277. If Forsberg wants a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and present arguments regarding the question of whether or not his unexhausted claim is plainly meritless. Respondents will then be granted an opportunity to respond, and Forsberg can reply. Or Forsberg may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Forsberg's failure to choose any of the three options listed above, or seek other appropriate relief from the Court, will result in his federal habeas petition being dismissed. Forsberg is advised to familiarize himself with the limitation periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitation periods may have a direct and substantial effect on whatever choice Forsberg makes regarding his petition.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 16) is granted in part. The Court finds Ground 3 is unexhausted.

It is further ordered that Petitioner has 30 days to either: (1) inform the Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; *or* (2) inform the Court in a sworn declaration that he wishes to dismiss his petition without prejudice in order to return to state court to exhaust his unexhausted claim; *or* (3) file a motion for a stay and abeyance, asking the Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in LR 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted ground, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.

Respondents' answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 13th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE